USDC SCAN INDEX SHEET











THE MEDICINE PARTNER

US MEDICAL

TB

3:96-CV-01187

*29*

*STIPO.*

ORIGINAL

1  MAZZARELLA, DUNWOODY, WILSON & PETTY LLP
   NATHAN S. ARRINGTON (125698)
2  MICHAEL S. KALT (173228)
   550 West C Street, Suite 1050
3  San Diego, CA 92101-3537
   (619) 236-9600
4
   Attorneys for Defendant
5  U.S. Medical Instruments, Inc.
   and Matthew S. Mazur
6

7



8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  THE MEDICINE PARTNERS, an        )  Case No. 96-1187-J (CGA)
    Illinois PARTNERSHIP; G.C.       )
12  INVESTMENTS, LLC, a Nevada       )  STIPULATION FOR DISMISSAL AND
    Limited Liability Corporation,   )  ORDER THEREON
13                                   )
                                     )
14            Plaintiffs,            )
                                     )
15  v.                               )
                                     )
16  U.S. MEDICAL INSTRUMENTS, INC.,  )
    a California Corporation;        )
17  MATTHEW S. MAZUR, a California   )
    citizen,                        )
18                                   )
              Defendants.            )
19  ─────────────────────────────────)

20       Plaintiffs The Medicine Partners and G.C. Investments, LLC and

21  Defendants U.S. Medical Instruments, Inc. and Matthew S. Mazur,

22  declare:

23       That they have settled the alleged causes of action pursuant

24  to the attached Settlement Agreement and Mutual Release.

25  Therefore,

26       IT IS HEREBY STIPULATED AND AGREED by and between the above

27  identified parties, by and through their attorneys of record, that

28  the above-captioned action be and hereby is dismissed with

29



ENTERED ON 4-23-97
96-1187-J (CGA)

1  prejudice as to these parties pursuant to Federal Rule of Civil
2  Procedure Section 41(a)(1).

3      This Court shall retain jurisdiction over this action for the
4  limited purpose of enforcing the attached Settlement Agreement and
5  Mutual Release reached between the parties.

6      STIPULATED AND AGREED:

7  Dated:  April __, 1997          MAZZARELLA, DUNWOODY, WILSON &
                                    PETTY LLP
8
9                                  By: _____
10                                     Nathan S. Arrington
                                       Attorneys for Defendants
11                                     U.S. Medical Instruments, Inc.
                                       and Matthew S. Mazur

12 Dated:  April 16, 1997          LORENZ ALHADEFF CANNON & ROSE, LLP
13
14                                 By: _____
15                                     Robert D. Rose
                                       Attorneys for Plaintiffs

16 Dated:  April 17, 1997          LeBOEUF LAMB GREENE & MacRAE, LLP
17
18                                 By: _____
                                       Helen L. Duncan
19                                     Attorneys for G.C. Investments,
                                       LLC
20
   Dated:  April 16, 1997          KIRKLAND & ELLIS
21
22
23                                 By: _____
                                       Hugh J. Totten
                                       Attorneys for William Abrams
24

25                                 **ORDER**
26      IT IS SO ORDERED.
27 Dated: _____            _____
                                   JUDGE OF THE U.S. DISTRICT COURT
28

0112191.WP/1
8348.001/041697                    -2-                96-1187-J (CGA)

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

1. <u>Stipulation of Dismissal</u>.  The Medicine Partners and G.C. Investments, L.L.C. (collectively "Plaintiffs") agree to dismiss their claims with prejudice within one week of the date the last signature is affixed executing this Agreement.

2. <u>Release</u>.  U.S. Medical Instruments, Inc. ("USMI" or the "Company") and Matthew Mazur ("Mazur"), on the one hand, and Plaintiffs, on the other hand, release and discharge each other from any and all claims, rights, losses and expenses of every kind and nature (whether based on contract, tort, equity, or other theory) whether known or unknown, foreseen or unforeseen.  Plaintiffs, on the one hand, and USMI and Mazur, on the other hand, waive all rights and benefits under Section 1542 of the California Civil Code which reads as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

3. <u>Twelve-month Moratorium On Instituting Certain Claims</u>.  Mazur and USMI, on the one hand, and Plaintiffs, on the other hand, agree they will not institute (directly or indirectly) any lawsuit or proceeding against each other for twelve months from the execution of this Agreement for any claim except to enforce any provisions of or rights under this Agreement.  The parties conclusively stipulate that the United States District Court for the Southern District of California shall have jurisdiction and authority to enforce this provision by injunction including the entry of any order dismissing any lawsuit or proceeding.  The parties further conclusively stipulate that all factual considerations necessary for the entry of an injunction exist.  The parties agree that any statute of limitations for a claim barred from filing for twelve months by this Section 3 that arises out of acts, conduct or omissions that occur after the execution of this Agreement are tolled for the twelve-month period during which the parties cannot file an action regarding such a claim and for one month thereafter.

4. <u>Non-Interference With IPO</u>.  Plaintiffs agree not to directly or indirectly hinder or obstruct USMI's efforts to complete an initial public offering.  Responding honestly to inquiries which have not been solicited, directly or indirectly, by any Plaintiff, shall not constitute hindering or obstructing the offering.

5. <u>Distribution of Materials to USMI Shareholders</u>.  Within 14 days following the date the last signature is affixed executing this Agreement, USMI will mail to each current shareholder of USMI a copy of the current shareholder list including the name and address of each shareholder who does not, pursuant to a written inquiry from the Company, request that his or her name be removed from the list so distributed.  Also, USMI shall send a copy of this Agreement to every current shareholder of USMI.

6. <u>Irrevocable Proxy</u>.  Upon execution of this Agreement and the dismissal with prejudice referred to above, Mazur and his wife, Dina Mazur, as trustee, will execute an irrevocable proxy ("The Mazur Proxy") in the form attached as <u>Exhibit A</u> with respect to "The Mazur Proxy Shares."  The Mazur Proxy Shares are any shares of the Company in which Matt Mazur is currently a "beneficial owner" as that term is used in Rule 13d-3 of the United States Securities Exchange Act.  Based upon the opinion letter from USMI's counsel

EXHIBIT A, p.3

attached as Exhibit B, the parties understand that Matt Mazur currently is the beneficial owner of 1,162,000 shares of the Company's Common Stock represented by stock certificate no. 164 and 712,00 shares of the Company Series A Preferred Stock held in the Mazur Family Trust represented by stock certificate no. PA8. In addition to the foregoing, "The Mazur Proxy Shares" also includes all but 25,000 Preferred Series A Shares held by the Educational Trust for the Benefit of Noah J. Mazur and all but 25,000 Preferred Series A Shares held by the Educational Trust for the Benefit of Sophia J. Mazur. Notwithstanding the foregoing, "The Mazur Proxy Shares" does not and shall not include (i) 60,000 shares of the Company's common stock represented by share certificate no. 85 or 60,000 shares of the Company's Series A Preferred Stock represented by share certificate no. PA4, held by Mr. Mazur's mother, Gloria Mazur; and (ii) 36,000 shares of the Company's Common Stock represented by share certificate no. 83, 12,000 shares of the Company's Common Stock represented by share certificate no. 115, and 36,000 shares of the Company's Series A Preferred Stock represented by share certificate no. PA2, held in the name of his wife, Dina M Moskowitz.

6.1.   The Proxy Committee.   The holder of The Mazur Proxy shall be a committee of three individuals: (1) Bernard Paul, (2) E.R. Fridge and (3) Brian Greenspun. (Hereinafter, this committee shall be referred to as the "Proxy Committee.") Bernard Paul (or any other member of the Proxy Committee selected by at least two of the Proxy Committee members) shall vote all of the shares subject to The Mazur Proxy in accordance with the decision of any two of the three Proxy Committee members. In the event that E.R. Fridge is unable or unwilling to serve as a member of the Proxy Committee, then Matt Mazur shall appoint, in his sole discretion, another person who shall serve as a member of the Proxy Committee. If Brian Greenspun is unable or unwilling to serve as a member of the Proxy Committee, then Plaintiffs shall appoint, in their sole discretion, another person who shall serve as a member of the Proxy Committee. If Bernard Paul (or his successor) is unable or unwilling to serve as a member of the Proxy Committee, then he shall be replaced by another person agreed upon by the other two members of the Proxy Committee. In the event that (1) Bernard Paul is unable or unwilling to serve as a member of the Proxy Committee and (2) the two remaining members of the Proxy Committee are unable to agree upon a replacement for Bernard Paul, then Jim Herzoff shall replace Bernard Paul.

6.2.   Term of The Mazur Proxy.   The term of the The Mazur Proxy shall be nine months commencing September 25, 1997 and expiring on June 25, 1998, provided that, if the Company causes a registration statement on Form S-1 to become effective and to be closed, The Mazur Proxy shall expire upon the date of such closing.

6.3.   Resignation of Mr. Mazur.   If USMI has not closed the public offering on or before September 25, 1997, Matt Mazur will resign as an officer, director, employee and consultant of USMI.

6.4.   Claims For Violation.   In addition to the general exception provisions of paragraph 3, the parties also specifically agree that the 12-month moratorium referred to in paragraph 3 above shall not apply to any proceeding or claim with respect to violation or enforcement of this paragraph 6 and paragraph 7.

7.   Non-affiliated Transaction By The Education Trust(s).   If (1) the Company does not cause a registration statement on Form S-1 to become effective and closed on or before

- 2 -

EXHIBIT A, p. 4

September 25, 1997, (2) Matt Mazur resigns as an officer of USMI, and (3) the Educational Trust for the Benefit of Noah J. Mazur, or the Educational Trust for the Benefit of Sophia J. Mazur sells, conveys, or transfers any USMI stock in a bona fide sale to a non-affiliated third party, then the shares which were sold, conveyed or transferred shall not be subject to any restrictions including The Mazur Proxy. A non-affiliated third party is a person who is not related to Matt Mazur within two degrees of affinity or any form of consanguinity. The Proxy Committee shall have the exclusive authority to determine (by a majority vote of the Proxy Committee) that a sale, conveyance or transfer is not a bona fide sale to a non-affiliated third party. The parties hereto agree to be bound by any decision of the Proxy Committee and that any such decision is subject to immediate enforcement through an action filed in and order entered by the United States District Court for the Southern District of California regardless of whether the 12-month moratorium referred to in paragraph 3 hereto has or has not expired. Notwithstanding the foregoing, the parties agree that the Proxy Committee's determination shall not be deemed an arbitration. Such determination must be made within ten days of written notice to all members of the Proxy Committee of a sale, conveyance or transfer. Such determination also must be fair, reasonable, and based solely on the circumstances of the sale, conveyance or transfer at issue, and the Proxy Committee's determination will not be unfairly or unreasonably withheld.

8.   Purchase of Life Insurance. At the next meeting of the USMI Board of Directors, the Board will reconsider whether USMI should purchase life insurance covering Matt Mazur. All directors may provide information and analysis regarding the benefits and detriments of the transaction at the meeting; however, any director who has a potential economic interest arising out of the transaction will abstain from voting, including Matt Mazur and William Martin.

8.   Promissory Note. Upon execution of this Agreement and the dismissal with prejudice referenced above, USMI shall execute a promissory note in the total amount of $75,000 payable jointly to Plaintiffs. This Note shall not bear interest for six months and shall be payable from the proceeds of the initial public offering. If the initial public offering has not closed on or before September 25, 1997, the note shall bear interest at a rate of 12% per annum, compounded annually, commencing immediately and be payable within one year of the date of this Agreement or payable upon sale of the Company, whichever occurs first.

10.   Attendance by Bernard Paul at Board Meetings. The parties agree that if Mr. Paul does not for whatever reason serve on the Board at any time from the present through the term of the Mazur Proxy, USMI will, for the remaining time, allow him to attend all Board of Director meetings with full rights of a director except voting.

11.   Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original but all of which shall constitute one instrument. This Agreement shall be deemed binding and in full force only when the Plaintiffs receive an original or facsimile copy containing the signatures of Louis Hernandez for U.S. Medical, Matt Mazur, Dina Mazur, Bernard Paul and Eldridge Fridge.

12.   Merger Clause. This Agreement is a final binding contract among the parties; it may only be amended by a written agreement signed by all of the parties. The undersigned each acknowledge and represent this Agreement contains the entire understanding between

- 3 -


EXHIBIT A, p.5

understanding between the parties, and contains all terms and conditions, pertaining to the settlement of the disputes referenced herein.  This Agreement supersedes any and all agreements between the parties.

Dated: _____4/7/97_____

U.S. MEDICAL INSTRUMENTS, INC.

By: _____
     James Gooley
     Assistant Secretary

Dated: _____4/7/97_____

MATTHEW MAZUR

By: _____
     Matthew Mazur

Dated: _____4/7/97_____

EDUCATIONAL TRUST FOR THE BENEFIT OF NOAH J. MAZUR and EDUCATIONAL TRUST FOR THE BENEFIT OF SOPHIA J. MAZUR

By: _____
     Dina Mazur, trustee

Dated: _____

G.C. INVESTMENTS, LLC

By: _____
     Brian L. Greenspun
Its: Manager

Dated: _____

MEDICINE PARTNERS

By: _____
     William Abrams
Its: Partner

The undersigned hereby accept their appointment as proxies as set forth in the foregoing Agreement.

_____        _____        _____
Date   Brian L. Greenspun        Date   Eldridge Fridge        Date   Bernard Paul

4

EXHIBIT A, p.16

understanding between the parties, and contains all terms and conditions, pertaining to the settlement of the disputes referenced herein. This Agreement supersedes any and all agreements between the parties.

Dated: _____      U.S. MEDICAL INSTRUMENTS, INC.

                               By: _____
                                      James Cooley
                                      Assistant Secretary

Dated: _____      MATTHEW MAZUR

                               By: _____
                                      Matthew Mazur

Dated: _____      EDUCATIONAL TRUST FOR THE BENEFIT OF
                               NOAH J. MAZUR and EDUCATIONAL TRUST
                               FOR THE BENEFIT OF SOPHIA J. MAZUR

                               By: _____
                                      Dina Mazur, trustee

Dated: _____      G.C. INVESTMENTS, LLC

                               By: _____
                                      Brian L. Greenspun
                               Its: Manager

Dated: _____      MEDICINE PARTNERS

                               By: _____
                                      William Abrams
                               Its: Partner

     The undersigned hereby accept their appointment as proxies as set forth in the foregoing Agreement.

_____    4-29-97 _____    _____
Date   Brian L. Greenspun   Date   Eldridge Fridge     Date   Lemard Paul

4

EXHIBIT A  p. 7

understanding between the parties, and contains all terms and conditions, pertaining to the settlement of the disputes referenced herein. This Agreement supersedes any and all agreements between the parties.

Dated: _____                    U.S. MEDICAL INSTRUMENTS, INC.

                                           By: _____
                                               James Cooley
                                               Assistant Secretary

Dated: _____                    MATTHEW MAZUR

                                           By: _____
                                               Matthew Mazur

Dated: _____                    EDUCATIONAL TRUST FOR THE BENEFIT OF
                                           NOAH J. MAZUR and EDUCATIONAL TRUST
                                           FOR THE BENEFIT OF SOPHIA J. MAZUR

                                           By: _____
                                               Dina Mazur, trustee

Dated: _____                    G.C. INVESTMENTS, LLC

                                           By: _____
                                               Brian L. Greenspun
                                           Its: Manager

Dated: _____                    MEDICINE PARTNERS

                                           By: _____
                                               William Abrams
                                           Its: Partner

    The undersigned hereby accept their appointment as proxies as set forth in the foregoing Agreement.

_____        _____        
Date  Brian L. Greenspun     Date  Eldridge Fridge       Date  Bernard DuPaul

4

EXHIBIT A, p. 8

the parties, and contains all terms and conditions, pertaining to the settlement of the disputes referenced herein. This Agreement supersedes any and all agreements between the parties.

Dated: _____     U.S. MEDICAL INSTRUMENTS, INC.


                                  By: _____
                                      Louis Hernandez, Jr.
                                      Director of Finance/Chief
                                      Financial Officer

Dated: _____     MATTHEW MAZUR


                                  By: _____
                                      Matthew Mazur

Dated: _____     EDUCATIONAL TRUST FOR THE BENEFIT OF
                                  NOAH J. MAZUR and EDUCATIONAL TRUST FOR
                                  THE BENEFIT OF SOPHIA J. MAZUR

                                  TRUSTEE


                                  By: _____
                                      Dina Mazur, as Trustee

Dated as of March 25, 1997       G.C. INVESTMENTS, LLC


                                  By: _____
                                      Brian L. Greenspun
                                      Its: Manager

Dated as of March 25, 1997       THE MEDICINE PARTNERS
              28

                                  By: _____
                                      William J. Abrams
                                      Its: Partner

    The undersigned hereby accept their appointment as proxies as set forth in the foregoing Agreement.


_____    _____      _____
Brian L. Greenspun       Eldridge Fridge            Bernard Paul
As of March 25, 1997     Date:_____         Date:_____

EXHIBIT A. 29

APR. -04'97(FRI) 18:51   WALTON STREET CAPITA        TEL:312 915 28.      P. 005

APR. -04'97(FRI) 18:23   FOUR SEASONS HOTEL          TEL:203 944 1076     P. 001

APR. -04'97(FRI) 17:12   WALTON STREET CAPITA        TEL:312 915 2881     P. 002

...understanding between the parties, and contains all terms and conditions, pertaining to the settlement of the disputes referenced herein. This Agreement supersedes any and all agreements between the parties.

Dated: _____   U.S. MEDICAL INSTRUMENTS, INC.

                          By: _____
                              James Carley
                              Assistant Secretary

Dated: _____   MATTHEW MAZUR

                          By: _____
                              Matthew Mazur

Dated: _____   EDUCATIONAL TRUST FOR THE BENEFIT OF
                          NOAH J. MAZUR and EDUCATIONAL TRUST
                          FOR THE BENEFIT OF SOPHIA J. MAZUR

                          By: _____
                              Matt Mazur, Trustee

Dated: 4-4-97            G.C. INVESTMENTS, LLC

                          By: _____
                              Brian L. Greenspun
                              Its: Manager

Dated: 4-4-97            MEDICINE PARTNERS

                          By: _____
                              William Adams
                              Its: Partner

The undersigned hereby accept their commitment as provided as set forth in the foregoing Agreement.

4-4-97 _____   _____   4-4-97 _____
Date   Brian L. Greenspun   Date   Barbara Higa    Date   Barbara Higa

4

EXHIBIT A p. 10

# EXHIBIT A

EXHIBITA.p.ll

**EXHIBIT A**
**IRREVOCABLE PROXY**
**COUPLED WITH AN INTEREST**

Matthew S. Mazur ("Mazur"), as the owner of shares of the capital stock of U.S. Medical Instruments, Inc., a California corporation (the "Company") and as trustee of the Mazur Family Trust and Dina Mazur, as the trustee of the Mazur Family Trust, the Educational Trust for the Benefit of Noah J. Mazur, and the Educational Trust for the Benefit of Sophia J. Mazur, each and together hereby revoke all previous proxies and irrevocably appoint a committee consisting of (1) Bernard Paul, (2) E.R. Fridge and (3) Brian Greenspun (collectively, the "Proxy Committee") as proxy holder, with respect to The Mazur Proxy Shares identified in the attached Settlement Agreement and Mutual Release, and to attend and vote at any meetings of the shareholders of the Company held after <u>October 3, 1997</u> and prior to the termination of this proxy, and to execute any and all written consents of shareholders of the Company executed after <u>October 3, 1997</u> and prior to the termination of this proxy, with the same effect as if the undersigned had personally attended the meeting(s) or had personally voted the shares or had personally signed the written consent(s).

This Proxy is made as partial consideration for the execution by G.C. Investments, L.L.C. and The Medicine Partners of the Settlement Agreement and Mutual Release, dated April 3, 1997, by and among the Company, Mazur, G.C. Investments, L.L.C., and The Medicine Partners (the "Agreement"). the terms of which are incorporated herein by this reference, and to secure the performance by Matt and Dina Mazur, as trustee, of their obligations thereunder. Accordingly, this Proxy constitutes an irrevocable proxy coupled with an interest.

The Proxy Committee shall be constituted and its successors, activities and votes shall be governed in accordance with the terms of the Agreement. If there is any conflict between the terms in this irrevocable proxy and the terms in the Agreement, the terms of the Agreement shall control.

This Proxy shall expire on any closing of an initial public offering of the Company's common stock pursuant to a registration statement on Form S-1.

Dated: _____

_____
Matthew S. Mazur
Individually and
as Trustee

_____
Dina Mazur
Individually and
as Trustee

5

EXHIBIT A, p.12

**EXHIBIT B**

EXHIBITA.o.13

# LUCE, FORWARD, HAMILTON & SCRIPPS LLP

### ATTORNEYS AT LAW • FOUNDED 1873

March 17, 1997                                                           23839-00002

Medicine Partners
c/o Hugh J. Totten, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601

G.C. Investments, LLC
c/o Helen Duncan, Esq.
Lamb, LeBoeuf, Greene & McRae
CitiCorp Center, 36th Floor
725 S. Figueroa Street
Los Angeles, California 90017

Re:    Beneficial Ownership of Certain Shares of U.S. Medical Instruments, Inc.

Gentlemen:

        We have acted as legal counsel to U.S. Medical Instruments, Inc. (the "Company"), with regard to certain securities matters arising in the context of an initial public offering of the Company's stock and other general corporate matters.

        1.    _Description of the Transaction and Opinion Requested._   You have requested our opinion as to the number of shares of capital stock of the Company for which Matthew S. Mazur ("Mr. Mazur") is a "beneficial owner" as defined in Rule 13d-3 ("Rule 13d-3") promulgated under the Securities Exchange Act of 1934. This opinion is to be included as an exhibit to a Settlement Agreement and Mutual Release among you, the Company and Mr. Mazur which resolves the causes of action set forth in _Medicine Partners v. U.S. Medical Instruments, Inc., et al.,_ USDC, Southern District, Case No. 96 187 J (CGA) and all matters related thereto ("Settlement Agreement").

        2.    _Documents._  In connection with this opinion, we have examined and relied on copies of the following documents (the "Documents"):

                (a)    The Company's shareholder list dated March 17, 1997, as certified by the Company's Assistant Secretary.

                (b)    A Certificate of Matthew S. Mazur, executed by Mr. Mazur and dated March 16, 1997 (the "Certificate"), attached hereto as _Exhibit A._

600 WEST BROADWAY, SUITE 2600 • SAN DIEGO, CALIFORNIA 92101 • TELEPHONE (619) 236-1414 • FACSIMILE (619) 232-8311
SAN DIEGO • LA JOLLA • NEW YORK • LOS ANGELES • SAN FRANCISCO • CHICAGO


EXHIBIT A, p. 14

# LUCE, FORWARD, HAMILTON & SCRIPPS LLP
### ATTORNEYS AT LAW • FOUNDED 1873

Medicine Partners
G.C. Investments, LLC
March 17, 1997
Page 2

      (c)    The Voting Agreement among the Company, Mr. Mazur and Medicine Partners, the Voting Agreement among the Company, Mr. Mazur and G. C. Investments, LLC and the Voting Agreement among the Company, Mr. Mazur and Robert Siegel (collectively, the "Voting Agreements").

      (d)    The Company's Articles of Incorporation and Bylaws as amended through March 17, 1997 and minutes of the meetings, and written actions in lieu of meetings, of the Company's Board of Directors and any committees thereof from inception of the Company through March 17, 1997.

      3.    <u>Assumed Facts: Reliance on Representations</u>. Additionally, in forming our opinion, we have assumed the truth of the various representations concerning the relevant facts. In particular, we understand these facts to be as follows:

      (a)    The Company is a corporation duly organized and in good standing under the laws of the State of California.

      (b)    The shares of the Company's common and preferred stock which are issued and outstanding are duly authorized and validly issued.

      (c)    Due consideration has been received by the Company for all of its issued shares.

      (d)    Mr. Mazur does not exercise, either individually or jointly, any voting control (including the power to vote or direct the voting of such shares) or any investment power (including the power to dispose or direct the disposition) of any security issued by the Company held by his mother, Gloria Mazur.

      (e)    Mr. Mazur does not exercise, either individually or jointly, any voting control (including the power to vote or direct the voting of such shares) or any investment power (including the power to dispose or direct the disposition) of any security issued by the Company held by his wife, Dina M. Moskowitz, either individually or as Trustee of the Educational Trusts (as defined below).

EXHIBIT A, p. 15

# LUCE, FORWARD, HAMILTON & SCRIPPS LLP

### ATTORNEYS AT LAW • FOUNDED 1873

Medicine Partners
G.C. Investments, LLC
March 17, 1997
Page 3

(f)     The Educational Trusts for the benefit of Noah Mazur and Sophia Mazur (the "Educational Trusts") are irrevocable Trusts, the sole trustee of which is Dina M. Moskowitz, the wife of Mr. Mazur.  Mr. Mazur is not a beneficiary, residual or otherwise, of the Educational Trusts.

(g)     Mr. Mazur is the co-Trustee of the Mazur Family Trust and, in such capacity, has the power to vote or direct the voting of, and the power to dispose or direct the disposition of, all securities issued by the Company which are held by the Mazur Family Trust.  As of the date of this letter, the Mazur Family Trust is the record holder of 712,000 shares of the Company's Series A Preferred Stock represented by stock certificate no. PA8.

(h)     The Mazur Family Trust does not hold any other securities issued by the Company or options, warrants or other rights to acquire any other security issued by the Company which are exercisable within 60 days of the date of the Certificate.

(i)     The shares beneficially owned by Mr. Mazur are not subject to any lien, encumbrance, pledge, restriction, voting agreement or proxy, other than limited cross-voting rights contained in the Voting Agreements.

The factual predicates set forth above are based upon the representations made to us by Mr. Mazur in the Certificate.  We have reviewed the Certificate with Mr. Mazur.  We have not conducted an independent investigation of the factual matters set forth in the Certificate.  Although we have not independently verified the representations, statements and assumptions set forth in the Certificate, in the course of our consideration of these matters no facts have come to our attention which have caused us to believe that such representations, statements or assumptions are untrue.  The opinions expressed herein are based solely on the facts set forth in this Section 3 and the Documents and no others.

4.     <u>Scope of Inquiry; Certain Assumptions.</u>

4.1     In preparing this opinion, we have examined only the Documents.  We have assumed the correctness of all factual matters set forth in the Documents, and we have conducted no independent investigation of factual matters.

4.2     With your permission, we have assumed (i) the genuineness of all signatures and the authenticity of all documents submitted to us as originals; (ii) the conformity to the originals of all documents submitted to us as copies; (iii) that each person who has executed the Documents was competent to do so; and (iv) that the copies of the Documents provided to us are complete and correct copies and that there are no other

EXHIBIT A, p. 16

# LUCE, FORWARD, HAMILTON & SCRIPPS LLP

### ATTORNEYS AT LAW • FOUNDED 1873

Medicine Partners
G.C. Investments, LLC
March 17, 1997
Page 4

documents nor any oral agreements or other circumstances that in any way alter or vary the provisions of the Documents.

4.3　We have assumed with your permission that Mr. Mazur is not the beneficial owner of (i) 60,000 shares of the Company's common stock represented by share certificate no. 85 or 60,000 shares of the Company's Series A Preferred Stock represented by share certificate no. PA4, held by his mother, Gloria Mazur; and (ii) 36,000 shares of the Company's Common Stock represented by share certificate no. 83, 12,000 shares of the Company's Common Stock represented by share certificate no. 115, or 36,000 shares of the Company's Series A Preferred Stock represented by share certificate no. PA2, held in the name of his wife, Dina M. Moskowitz.

5.　Discussion.

5.1　The Definition of "Beneficial Owner." A "beneficial owner" of a security under Rule 13d-3 is defined as any person who, directly or indirectly, through any contract, arrangement, understanding, relationship, or otherwise, has either individually or jointly (1) voting power which includes the power to vote, or to direct the voting of, such security or (2) investment power which includes the power to dispose, or to direct the distribution of, such security. A person is the beneficial owner of a security if the person has one or both of these powers through any contract, arrangement, understanding or relationship. A mere economic interest in the securities, such as the right to receive dividends or the right to receive the proceeds from the sale of the securities, is not relevant to determining beneficial ownership under Rule 13d-3. Exchange Act Release Nos. 14,692 (April 21, 1978) and 15,348 (November 22, 1978). Given the facts and assumptions set forth in Sections 3 and 4, by which we assume that Mr. Mazur is the beneficial owner of the shares held by the Mazur Family Trust and that he is not the beneficial owner of the shares held by Ms. Gloria Mazur and Ms. Dina M. Moskowitz, only the shares held by the Educational Trusts must be reviewed to determine if they are beneficially owned by Mr. Mazur.

5.2　Indirect Power.　Mr. Mazur is not the trustee of the Educational Trusts and has no direct control over the Company's shares held by their trusts. However, Mr. Mazur's wife is the Trustee of the Educational Trusts and has direct control of the voting and disposition of the shares held in the Educational Trusts. Thus it must be determined if Mr. Mazur has beneficial ownership of the shares through the exercise of any indirect control over the shares through his wife. A person is deemed to have indirect voting or investment control if that person is able to control the decisions of another person directly holding such power. It may be asserted that Mr. Mazur controls the

EXHIBITA, p.17

## LUCE, FORWARD, HAMILTON & SCRIPPS LLP
### ATTORNEYS AT LAW • FOUNDED 1873

Medicine Partners
G.C. Investments, LLC
March 17, 1997
Page 5

decisions of his wife, Ms. Moskowitz, regarding the shares held by the Educational Trusts. However, the standard of establishing such control is high. Although there is no case on point, cases which address the issue of control indicate that the ability to control must be an actual ability to control and not one presumed by relationship. While a parent corporation may be found to be the beneficial owner of shares held by its subsidiary, corporate officers that are not controlling shareholders do not have beneficial ownership of the shares of subsidiary. Texasgulf, Inc. v. Canada Dev. Corp. 365 F.Supp.374, 425 (S.D. Tex. 1973). Nor are minority general partners beneficial owners of shares held by a general partnership. Overseas Withholding Group, Inc. SEC No-Action Letter, October 31, 1977. The Securities and Exchange Commission (the "SEC") has determined in adopting Rule 13d-3 that beneficial ownership would not be found if based solely on a relationship between the parties based on blood, marriage or adoption, or the sharing of the same house. In Exchange Act Release No. 13,291 (February 24, 1977), the SEC found that a determination of beneficial ownership based solely on such a relationship would be "totally inapposite" to the voting and investment power analysis adopted in Rule 13d-3. In the Certificate, Mr. Mazur has indicated that he does not exercise indirect control over the shares held by the Educational Trusts.

5.3    Right to Acquire Securities.  Rule 13d-3(d)(i) provides that a person may be considered a beneficial owner of a security if the person has the right to acquire beneficial ownership of the security within 60 days, including rights to acquire property (i) through the exercise of an option, warrant or right, (ii) through the conversion of any security or (iii) pursuant to the power to revoke a trust, discretionary account or similar arrangement. Mr. Mazur has represented in the Certificate that he is not the holder of any option, warrant or right to acquire any security of the Company and that he does not have the power to revoke any trust holding shares of the Company's capital stock other than the Mazur Family Trust.

6.    Opinion. Based on (a) the facts as they have been represented to us and as set forth in Section 3, (b) the assumptions and qualifications set forth in Section 4, and (c) the analysis set forth in Section 5, it is our opinion that Mr. Mazur is the beneficial owner as defined in Rule 13d-3 of the following shares of the Company:

(i)    1,162,000 shares of the Company's Common Stock held by Matthew Mazur represented by stock certificate no. 164.

(ii)    712,000 shares of the Company Series A Preferred Stock held in the Mazur Family Trust represented by stock certificate no. PA8.

EXHIBIT A, p. 18

# LUCE, FORWARD, HAMILTON & SCRIPPS LLP

### ATTORNEYS AT LAW • FOUNDED 1873

Medicine Partners
G.C. Investments, LLC
March 17, 1997
Page 6


It is not clear as a matter of law whether the limited cross-voting rights contained in the Voting Agreements cause Mr. Mazur to be the beneficial owner, as defined in Rule 13d-3, of shares held by the addressees or Mr. Siegel.  Therefore, we render no opinion on this issue.

7.    Limitations.  This opinion is provided for your information and assistance in connection with the settlement of the dispute described above.  This opinion may be attached as an exhibit to the Settlement Agreement.  The opinion may not be relied upon by any other person for any other purpose, nor may it be quoted from or referred to or copies delivered to any other person, without our prior written consent.  Our opinion is limited to the matters stated herein and no opinion, is implied or may be inferred beyond the matters expressly stated herein.

Very truly yours,

Luce, Forward, Hamilton & Scripps

C:\CLIENT\11\14961.01

EXHIBIT A, p.19

## Exhibit A

### Certificate of Matthew S. Mazur

The undersigned, Matthew S. Mazur, for the purpose of inducing Luce, Forward, Hamilton & Scripps LLP to issue their opinion pursuant to Section 6 of the Settlement Agreement and Mutual Release between the undersigned and Medicine Partners and GC Investments, DOES HEREBY CERTIFY to Luce, Forward, Hamilton & Scripps LLP as follows:

A.    U.S. Medical Instruments, Inc. (the "Company") is a corporation duly organized and in good standing under the laws of the State of California.

B.    The shares of the Company's common and preferred stock which are issued and outstanding are duly authorized and validly issued.

C.    Due consideration has been received by the Company for all of its issued shares.

D.    I am the record holder of 1,162,000 shares of the Company's common stock and I have the power to vote or direct the voting of, and the power to dispose or direct the disposition of, such shares.

E.    I do not hold any options, warrants or other rights to acquire any security issued by the Company.

F.    I do not exercise, either individually or jointly, any voting control (including the power to vote or direct the voting of such shares) or any investment power (including the power to dispose or direct the disposition) of any security issued by the Company held by my mother, Gloria Mazur.

G.    I do not exercise, either individually or jointly, any voting control (including the power to vote or direct the voting of such shares) or any investment power (including the power to dispose or direct the disposition) of any security issued by the Company held by my wife, Dina M. Moskowitz, either individually or as trustee of the Educational Trusts (as defined below).

H.    The Educational Trusts for the benefit of Noah Mazur and Sophia Mazur (the "Educational Trusts") are irrevocable trusts, the sole trustee of which is Dina M. Moskowitz. I am not a beneficiary, residual or otherwise, of the Educational Trusts.

I.    I do not exercise, either individually or jointly, any voting control (including the power to vote or direct the voting of such shares) or any investment power (including the power to dispose or direct the disposition) of any security issued by the Company held by the Educational Trust for the Benefit of Noah Mazur or the Educational Trust for the Benefit of Sophia Mazur.

J.    I am the co-Trustee of the Mazur Family Trust and in such capacity I have the power to vote or direct the voting of, and the power to dispose or direct the disposition of, all securities issued by the Company which are held by the Mazur Family Trust. As of the date of this Certificate,

the Mazur Family Trust is the record holder of 712,000 shares of the Company's Series A Preferred Stock represented by stock certificate no. PA8.

K.   The Mazur Family Trust does not hold any other securities issued by the Company or options, warrants or other rights to acquire any other security issued by the Company which are exercisable within 60 days of the date of this Certificate.

L.   I do not own, control, have the power, either individually or jointly, to vote or direct the voting of, or have the power to dispose or direct the disposition of, any security issued by the Company other than the shares of the Company's Common Stock and Series A Preferred Stock held by me.

M.   None of the shares which are held by me or the Mazur Family Trust are subject to any lien, encumbrance, pledge, restrictions, voting agreement or proxy, except for separate voting agreements among myself and the Company and each of Medicine Partners, G. C. Investments, and Robert Siegel.

IN WITNESS WHEREOF, I have executed this Certificate as of the 16th day of March 1997.

_____
Matthew S. Mazur

C:\DMZRZDXII\F10ZZ.01                                  2

EXHIBITA, p.21

# LUCE, FORWARD, HAMILTON & SCRIPPS LLP

### ATTORNEYS AT LAW • FOUNDED 1873

March 25, 1997                                                           23839-00002

Medicine Partners
c/o Hugh J. Totten, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601

G.C. Investments, LLC
c/o Helen Duncan, Esq.
Lamb, LeBoeuf, Greene & McRae
CitiCorp Center, 36th Floor
725 S. Figueroa Street
Los Angeles, California 90017

Re:     Shareholder of Record of Certain Shares of U.S. Medical Instruments, Inc.

Gentlemen:

We have acted as special legal counsel to U.S. Medical Instruments, Inc. (the "Company"), with regard to certain securities matters arising in the context of an initial public offering of the Company's stock and other general corporate matters.

1.      Description of the Transaction and Opinion Requested. You have requested our opinion as to the number of shares of the Company of which the Educational Trust for the Benefit of Noah J. Mazur is the shareholder of record and the number of shares of the Company of which the Educational Trust for the Benefit of Sophia J. Mazur is the shareholder of record. "Shareholder of record" is defined as that person or entity holding title to shares of the Company's capital stock as set forth in the stock records of the Company. This opinion is to be included as an exhibit to a Settlement Agreement and Mutual Release among you, the Company and Mr. Mazur which resolves the causes of action set forth in Medicine Partners v. U.S. Medical Instruments, Inc., et al., USDC, Southern District, Case No. 96 187 J (CGA) and all matters related thereto ("Settlement Agreement").

2.      Documents. In connection with this opinion, we have examined and relied on copies of the following documents (the "Documents"):

(a)     The Company's shareholder list dated March 17, 1997, as certified by the Company's Assistant Secretary.


EXHIBIT A, p.22

## LUCE, FORWARD, HAMILTON & SCRIPPS LLP

### ATTORNEYS AT LAW • FOUNDED 1873

Medicine Partners
G.C. Investments, LLC
March 25, 1997
Page 2

(b)     A Certificate of Matthew S. Mazur, executed by Mr. Mazur and dated March 25, 1997 (the "Mazur Certificate"), attached hereto as Exhibit A.

(c)     A Certificate of Assistant Secretary, executed by James Cooley and dated March 25, 1997, attached hereto as Exhibit B, a Certificate of Assistant Secretary, executed by Mr. Cooley and dated March 17, 1997, attached hereto as Exhibit C, a Certificate of Assistant Secretary, executed by Mr. Cooley and dated March 17, 1997, attached hereto as Exhibit D, and a Certificate of Assistant Secretary, executed by Mr. Cooley and dated March 17, 1997, attached hereto as Exhibit E (collectively, the "Certificates of Assistant Secretary").

(d)     The Company's Articles of Incorporation and Bylaws as amended through March 17, 1997 and minutes of the meetings, and written actions in lieu of meetings, of the Company's Board of Directors and any committees thereof from inception of the Company through March 17, 1997 (the "Board Minutes").

3.      Assumed Facts: Reliance on Representations.  Additionally, in forming our opinion, we have assumed the truth of the various representations concerning the relevant facts.  In particular, we understand these facts to be as follows:

(a)     The Company is a corporation duly organized and in good standing under the laws of the State of California.

(b)     The shares of the Company's common and preferred stock which are issued and outstanding are duly authorized and validly issued.

(c)     Due consideration has been received by the Company for all of its issued shares.

(d)     The Educational Trust for the Benefit of Noah J. Mazur and the Educational Trust for the Benefit of Sophia J. Mazur (the "Educational Trusts") are validly existing irrevocable Trusts, each of which have the requisite power and authority to own capital stock of the Company in their respective names.

(e)     On October 31, 1995, the Company issued Certificate Number 122, representing 25,000 shares of the Common Stock of the Company, in the name of the Educational Trust for the Benefit of Noah J. Mazur, and on December 30, 1996, the Company issued Certificate Number PA-9, representing 250,000 shares of the Series A Preferred Stock of the Company, in the name of the Educational Trust for the Benefit of Noah J. Mazur.

EXHIBIT A, p.23

## LUCE, FORWARD, HAMILTON & SCRIPPS LLP
### ATTORNEYS AT LAW · FOUNDED 1873

Medicine Partners
G.C. Investments, LLC
March 25, 1997
Page 3

(f)  On September 4, 1996, the Company issued Certificate Number 157, representing 25,000 shares of the Common Stock of the Company, in the name of the Educational Trust for the Benefit of Sophia J. Mazur; and on December 30, 1996, the Company issued Certificate Number PA-10, representing 250,000 shares of the Series A Preferred Stock, in the name of the Educational Trust for the Benefit of Sophia J. Mazur.

(g)  The Educational Trusts do not own any capital stock of the Company other than stock issued to the Educational Trusts by the Company which is reflected in the Board Minutes, the Company's share certificate books and the Company's computer database which is used to record all issuances and transfers of securities issued by the Company.

(h)  There have been no transfers of capital stock of the Company by or to the Educational Trusts which is not reflected in the Board Minutes, the Company's share certificate books and the Company's computer database which is used to record all issuances and transfers of securities issued by the Company.

(i)  The Educational Trusts have not transferred or received any capital stock of the Company since March 17, 1997.

The factual predicates set forth above are based upon the representations made to us by Mr. Mazur in the Certificate and Mr. Cooley in the Certificates of Assistant Secretary. We have reviewed the Certificate with Mr. Mazur and the Certificates of Assistant Secretary with Mr. Cooley. Although we have not independently verified the representations, statements and assumptions set forth in the Certificate and the Certificates of Assistant Secretary in the course of our consideration of these matters, no facts have come to our attention which have caused us to believe that such representations, statements or assumptions are incorrect. The opinions expressed herein are based solely on the facts set forth in this Section 3 and the Documents and no others.

4.  Scope of Inquiry; Certain Assumptions.

4.1  In preparing this opinion, we have examined only the Documents. We have assumed the correctness of all factual matters set forth in the Documents.

4.2  With your permission, we have assumed (i) the genuineness of all signatures and the authenticity of all documents submitted to us as originals; (ii) the conformity to the originals of all documents submitted to us as copies; (iii) that each person who has executed the Documents was competent to do so; and (iv) that the copies of the Documents provided to us are complete and correct copies and that there are no other documents nor any oral agreements or other circumstances that in any way alter or vary the provisions of the Documents.



EXHIBIT A, 24

## LUCE, FORWARD, HAMILTON & SCRIPPS LLP

### ATTORNEYS AT LAW • FOUNDED 1873

Medicine Partners
G.C. Investments, LLC
March 25, 1997
Page 4

5. _Opinion_. Based on (a) the facts as they have been represented to us and as set forth in Section 3, and (b) the assumptions and qualifications set forth in Section 4, it is our opinion that the Educational Trust for the Benefit of Noah J. Mazur and the Educational Trust for the Benefit of Sophia J. Mazur are the shareholders of record of:

(i) 25,000 shares of the Common Stock of the Company represented by Stock Certificate Number 122 and 25,000 shares of the Common Stock of the Company represented by Stock Certificate Number 157.

(ii) 250,000 shares of the Series A Preferred Stock of the Company represented by Stock Certificate Number PA-9, and 250,000 shares of the Series A Preferred Stock of the Company represented by Stock Certificate Number PA-10.

6. _Limitations_. This opinion is provided for your information and assistance in connection with the settlement of the dispute described above. This opinion may be attached as an exhibit to the Settlement Agreement. The opinion may not be relied upon by any other person for any other purpose, nor may it be quoted from or referred to or copies delivered to any other person, without our prior written consent. Our opinion is limited to the matters stated herein and no opinion, is implied or may be inferred beyond the matters expressly stated herein.

Very truly yours,

_Luce, Forward, Hamilton & Scripps_

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

C:\DMS\SJD\1159909.01

EXHIBIT A, p.25

03/26/97   11:45  FAX 6196747277         USMI                              ☑002
SENT BY:LFH&S VOICE> 235-3541 ; 3-26-97 ;11:08AM ;  FAX> (618)282-6311→        6196747277;# 2/ 3

## Certificate of Matthew S. Mazur

The undersigned, Matthew S. Mazur, for the purpose of inducing Luce, Forward, Hamilton & Scripps LLP to issue their opinion pursuant to Section 6 of the Settlement Agreement and Mutual Release between the undersigned and Medicine Partners and GC Investments, DOES HEREBY CERTIFY to Luce, Forward, Hamilton & Scripps LLP as follows:

A.     U.S. Medical Instruments, Inc. (the "Company") is a corporation duly organized and in good standing under the laws of the State of California.

B.     The shares of the Company's common and preferred stock which are issued and outstanding are duly authorized and validly issued.

C.     Due consideration has been received by the Company for all of its issued shares.

D.     The Educational Trust for the Benefit of Noah J. Mazur and the Educational Trust for the Benefit of Sophia J. Mazur (the "Educational Trusts") are validly existing irrevocable Trusts, each of which have the requisite power and authority to own capital stock of the Company in their respective names.

E.     On October 31, 1995, the Company issued Certificate Number 122, representing 25,000 shares of the Common Stock of the Company, in the name of the Educational Trust for the Benefit of Noah J. Mazur; and on December 30, 1996, the Company issued Certificate Number PA-9, representing 250,000 shares of the Series A Preferred Stock of the Company, in the name of the Educational Trust for the Benefit of Noah J. Mazur.

F.     On September 4, 1996, the Company issued Certificate Number 157, representing 25,000 shares of the Common Stock of the Company, in the name of the Educational Trust for the Benefit of Sophia J. Mazur; and on December 30, 1996, the Company issued Certificate Number PA-10, representing 250,000 shares of the Series A Preferred Stock, in the name of the Educational Trust for the Benefit of Sophia J. Mazur.

G.     The Educational Trusts do not own any capital stock of the Company other than stock issued to the Educational Trusts by the Company as reflected in the minutes of the meetings, and written actions in lieu of meetings, of the Company's Board of Directors and any committees thereof from inception of the Company through March 17, 1997 (the "Board Minutes"), the Company's share certificate books and the Company's computer database which is used to record all issuances and transfers of securities issued by the Company.

H.     There have been no transfers of capital stock of the Company by or to the Educational Trusts which is not reflected in the Board Minutes, the Company's share certificate books and the Company's computer database which is used to record all issuances and transfers of securities issued by the Company.

EXHIBIT

A

EXHIBITA p.26

04/15/97   TUE 16:15 FAX 312 861 2200 56 24   KIRKLAND & ELLIS
03/26/97   11:45   FAX 6196747277   USMI   ⌧003
SENT BY:LFH&S VOICE> 295-3541 : 5-26-97 :11:02AM :   FAX> (619)232-6011~   6196747277:# 3/ 3

I.    The Educational Trusts have not transferred or received any capital stock of the Company since March 17, 1997.

IN WITNESS WHEREOF, I have executed this Certificate as of the 25th day of March 1997.

_____
Matthew S. Mazur

C:\...\...\...\...

2

EXHIBIT   A
EXHIBIT A, p. 27

## CERTIFICATE OF ASSISTANT SECRETARY

The undersigned, James Cooley, Assistant Secretary of U.S. Medical Instruments, Inc., a California corporation (the "Company"), does hereby certify to Luce, Forward, Hamilton & Scripps LLP as follows:

1. I am the duly elected and acting Assistant Secretary of the Company.

2. The Educational Trust for the Benefit of Noah J. Mazur, is the shareholder of record of 25,000 shares of U.S. Medical Instruments, Inc, Common Stock certificate number #122, and the shareholder of record of 250,000 shares of U.S. Medical Instruments, Inc. Preferred Stock certificate number #PA-9.

3. The Educational Trust for the Benefit of Sophia J. Mazur, is the shareholder of record of 25,000 shares of U.S. Medical Instruments, Inc. Common Stock certificate number #157, and the shareholder of record of 250,000 shares of U.S. Medical Instruments, Inc. Preferred Stock certificate number #PA-10.

4. The share certificate books, copies of share certificates and attached stock spreadsheet delivered to Steven J. Davis of Luce, Forward, Hamilton & Scripps LLP accurately reflect all issuance of shares, common and preferred, by the Company from its inception to the date hereof.

Dated: March 25, 1997

_____
James Cooley
Assistant Secretary

EXHIBIT B

EXHIBITA, 028

## CERTIFICATE OF ASSISTANT SECRETARY

The undersigned, James Cooley, Assistant Secretary of U.S. Medical Instruments, Inc., a California corporation (the "Company"), does hereby certify to Luce, Forward, Hamilton & Scripps LLP as follows:

1.    I am the duly elected and acting Assistant Secretary of the Company.

2.    Common certificate #1 for 552,000 shares was issued to Matthew S. Mazur and was later effected by the April 1993 five-for-one stock split and transferred to common certificate numbers 2, 4, 5, 6, 8, 11 and 12.

3.    Common certificate #6 for 14,400 shares was issued to Dina Moskowitz and was later effected by the April 1993 five-for-one stock split and transferred in Dina Moskowitz's name to common certificate #83 for 36,000 shares and #PA-2 for 36,000 shares.

4.    Common certificate #10 for 24,000 shares was issued to Gloria R. Stocker and was later effected by the April 1993 five-for-one stock split and transferred in Gloria R. Stocker's name to common certificate #85 for 60,000 shares and #PA-4 for 60,000 shares.

5.    Common certificate #8 for 470,400 shares and common certificate #12 for 72,000 shares were issued to Matthew S. Mazur and were later effected by the April 1993 five-for-one stock split and transferred in Matthew S. Mazur's name to common certificate #84 for 1,176,000 shares, common certificate #123 for 11,000 shares and in the name of Educational Trust for the benefit of Noah J. Mazur, certificate # 122 for 25,000 shares. The original shares were also transferred in the name of Matthew S. Mazur to #PA-3 for 1,176,000 shares and #PA-5 for 36,000 shares.

Common certificates #84 and #123 were later transferred in the name of Matthew S. Mazur to common certificate # 164 for 1,162,000 shares and in the name of Educational Trust for the benefit of Sophia J. Mazur to common certificate #157 for 25,000 shares.

#PA-3 and #PA-5 were combined and transferred in the name of Polar Bear Partners, Limited to #PA-6 for 1,212,000 shares. #PA-6 was transferred in the name of Mazur family Trust to #PA-7 for 1,212,000 shares. #PA-7 was transferred in the name of Mazur Family Trust to #PA-8 for 712,000 shares, in the name of Educational Trust for the benefit of Noah J. Mazur to #PA-9 for 250,000 shares and in the name of Educational Trust for the benefit of Sophia J. Mazur to #PA-10 for 250,000 shares.

5.    The share certificate books, copies of share certificates and attached stock spreadsheet delivered to Steven J. Davis of Luce, Forward, Hamilton & Scripps LLP accurately reflect all issuance of shares, common and preferred, by the Company from its inception to the date hereof.

Dated: March 17, 1997

James Cooley
Assistant Secretary

# EXHIBIT    C

EXHIBITA.D.29

## CERTIFICATE OF ASSISTANT SECRETARY

The undersigned, James Cooley, Assistant Secretary of U.S. Medical Instruments, Inc., a California corporation (the "Company"), does hereby certify to Luce, Forward, Hamilton & Scripps LLP as follows:

1.      I am the duly elected and acting Assistant Secretary of the Company.

2.      I delivered to Steven J. Davis of Luce, Forward, Hamilton & Scripps LLP a complete set of the Company's minutes of the Board of Directors since its inception through February 28, 1997. There have been no Board of Directors meetings since February 28, 1997.

Dated: March 17, 1997

James Cooley
Assistant Secretary

EXHIBIT D

EXHIBIT A, p. 30

## CERTIFICATE OF ASSISTANT SECRETARY

The undersigned, James Cooley, Assistant Secretary of U.S. Medical Instruments, Inc., a California corporation (the "Company"), does hereby certify to Luce, Forward, Hamilton & Scripps LLP as follows:

1. I am the duly elected and acting Assistant Secretary of the Company;

2. The Shareholders List as of March 17, 1997, attached hereto as Exhibit A, is a true, correct and complete listing of all the Shareholders of the Company.

Dated: March 17, 1997

James Cooley
Assistant Secretary

C:\DMS\RTFU\15677\01

EXHIBIT C

03/17/97 16:40 TX/RX NO.5659 P.002

EXHIBIT A p.31